**In re Anonymous Nos. 50 D.B. 86, 93 D.B. 86 and 52 D.B. 88**

Disciplinary Board Docket Nos. 50 D.B. 86, 93 D.B. 86 and 52 D.B. 88.

CARSON, *Member,* October 15, 1992—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

The petitioner, [    ], was admitted to practice law in Pennsylvania in 1967 and was suspended on July 15, 1988, for a period of three months. On September 11, 1989, he was again suspended for a period of six months. These suspensions were the result of several instances of client neglect coupled with at least one instance of misrepresentation to the client as to the status of the matter. In addition, the petitioner's record includes three previous informal admonitions and a private reprimand with three years' probation, all for neglect and/or misrepresentation.

## FINDINGS OF FACT

(1) Petitioner's disciplinary problems all center around procrastination sometimes followed by misrepresentation to the client concerning the true status of the legal matter.

(2) Petitioner candidly admits that these problems were compounded by a period of alcohol abuse.

(3) Petitioner has been sober for over six years (since March 23, 1986).

(4) For the past six years petitioner has been active in Alcoholics Anonymous (AA) and has sponsored and otherwise counseled and helped numerous recovering alcoholics.

(5) The Hearing Committee heard testimony from seven individuals, in addition to petitioner and his wife, all of whom recommended reinstatement, and which included:

(a) Two attorneys petitioner knows through AA;

(b) A national accounts manager for a major firm;

(c) Petitioner's sponsor in AA who has known petitioner for 10 years;

(d) A psychiatrist who has known petitioner through AA, handled petitioner's divorce, and who gave his professional opinion that petitioner handles stress in an appropriate manner and is emotionally capable of practicing law;

(e) A retired businessman and former client who presently manages a significant amount of real estate; and

(f) An attorney for whom petitioner has done legal research during his period of suspension, and has observed no problems with procrastination and who testified that the petitioner does excellent and thorough legal research in a timely fashion.

(6) At the hearing, it was established that the petitioner:

(a) has done legal research during the entire time of his suspension as well as remodeling four homes, assisting in his father-in-law's business, assisting with his father-in-law's estate, and working for his wife's travel agency;

(b) has learned to handle stress as demonstrated by his conduct during the two-year period in which his son was battling Hodgkins disease;

(c) has kept current by doing research on a daily basis for the law firm where he is employed and by attending the Pennsylvania Bar Institute Seminar at [    ].

(7) In the event that the petitioner is reinstated, his intentions are to practice law in the areas of family law, estates and small business. He indicated he intends to ease back into the practice of law and will not take an overly ambitious caseload.

## CONCLUSIONS OF LAW

Petitioner has sustained his burden of proving he possesses the moral qualifications, competency, and learning in the law required of an attorney licensed to practice law in the Commonwealth of Pennsylvania.

Petitioner's resumption of the practice of law will neither compromise the integrity of the bar nor subvert the interests of the public.

## DISCUSSION

The Hearing Committee concluded that during the four years that the petitioner has been under suspension he has done virtually everything possible to address his problems. While admitting that he is a recovering alcoholic, he does not attempt to blame all of his problems on alcohol. He has recognized that his procrastination is caused primarily by fear and that he must carefully monitor his work so that he does not fall into the pattern of avoiding a difficult task. He has attended group therapy sessions, AA, and seems to clearly understand himself and his problems and tendencies. He also realizes that it would be beneficial for him to practice with a group as opposed

to being a sole practitioner. The petitioner has not only ended his alcohol dependency, but has obviously assisted others, many of whom testified, in ending their dependency. While it is impossible to predict future behavior with absolute certainty, the Hearing Committee concluded that it would be most unlikely that the petitioner, if reinstated, would exhibit the type of conduct that created his past disciplinary problems. The Hearing Committee believed that the petitioner had met his burden of proving that he has the requisite good character and ability to practice law and is, therefore, entitled to be reinstated.

## RECOMMENDATION

The evidence of the record clearly suggests that due to the petitioner's participation in AA, counseling, self-help, and awareness of his problem, he should be capable of practicing law in an appropriate manner. In accordance with the foregoing findings, the board unanimously concurs with the Hearing Committee's decision and recommends that [petitioner] be reinstated to the practice of law. The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Messrs. Paris and Witherel did not participate in the adjudication.

## ORDER

And now, November 5, 1992, upon consideration of the report and recommendations of the Disciplinary Board dated October 15, 1992, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.